**HOUSTON PETROLEUM COMPANY
and Richard O'Donnell,
Appellants,**

v.

**HIGHLANDS INSURANCE
COMPANY, Appellee.**

**No. 01–89–01064–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

Aug. 31, 1990.

Publication Ordered Jan. 17, 1991.

**154**

Laurence T. Gillaspia, Houston, for appellants.

Richard P. Colquitt, Houston, for appellee.

Before EVANS, C.J., and DUGGAN and MIRABAL, JJ.

OPINION

EVANS, Chief Justice.

This is an appeal from a summary judgment in favor of appellee, Highland Insurance Company. The judgment declares that Highlands has no duty to defend appellants, Houston Petroleum Company and its president, Richard O'Donnell, in a suit (the "Topalian suit"), brought against them in federal district court, where they are the defendants.

In their first point of error, appellants contend generally that the trial court erred in entering the summary judgment. Under this point, appellants argue various procedural objections to Highlands' motion for summary judgment, all of which relate to the authenticity of the insurance policies in question. Based on counsels' statements at oral submission, we have determined there is no dispute as to the authenticity of the insurance policies that were properly before the trial court, and the only question raised by the record is the legal interpretation to be accorded such policies. Accordingly, we conclude that the trial court did not err in considering the policy provisions contained in the record. The first point of error is overruled.

In their second point of error, appellants' principal contention is that the trial court erred in granting the summary judgment because the allegations in the plaintiffs' Topalian suit complaint are covered by the Highlands' insurance policies.

■ In Texas, an insurer's contractual duty to defend must be determined solely from the face of the pleadings, without reference to any facts outside the pleadings. *Continental Sav. Ass'n v. U.S. Fidelity and Guar. Co.*, 762 F.2d 1239, 1243 (5th Cir.), *amended in part, rehearing denied*, 768 F.2d 89 (1985). The duty to defend arises when a third party sues the insured on allegations that, if taken as true, potentially state a cause of action within the terms of the policy. *Id.* Whether the policy covers the cause of action alleged must be determined from the contractual terms of the insurance policy. *Whatley v. City of Dallas*, 758 S.W.2d 301, 304 (Tex.App.—Dallas 1988, writ denied). If under the facts alleged, there is a prima facie showing that the claim is not covered under the policy, the insurer has no duty to defend. *Holmes v. Employers Casualty Co.*, 699 S.W.2d 339, 340–41 (Tex.App.—Houston [1st Dist.] 1985, writ ref'd n.r.e.).

■ It is well established that insurance policies are to be strictly construed in favor of the insured in order to avoid exclusion of coverage. *Puckett v. U.S. Fire Ins. Co.*, 678 S.W.2d 936, 938 (Tex.1984). This is not true however, when a term in question is susceptible of only one reasonable construction. *Id.* When there is no ambiguity, it is the court's duty to give the words used their plain meaning. *Id.* Language in insurance provisions is only ambiguous if the court is uncertain as to which of two or more meanings was intended. *Entzminger v. Provident Life & Accident Ins. Co.*, 652 S.W.2d 533, 535 (Tex. App.—Houston [1st Dist.] 1983, no writ).

The Topalian suit plaintiffs essentially allege that they incurred obligations and suffered economic loss, including loss of capital contributions in a limited partnership venture conducted by appellants, due to appellants' wrongful conduct.

■ We first address appellants' assertions that the complaint in the Topalian suit alleges "bodily injury" within the meaning of their insurance coverage.

The Highland Insurance policy covers: a) bodily injury; b) personal injury; c) property damage; d) advertising injury; ... *caused by an occurrence* which takes place anywhere in the world. (Emphasis added)

The insurance policy defines "bodily injury" as:

bodily injury, sickness or disease sustained by a person, which occurs during the policy period, including mental injury, *mental anguish*, shock, fright, disability or death at any time resulting therefrom.

(Emphasis added)

The policy defines "occurrence" with respect to bodily injury as:

an accident, including continuous or repeated exposure to conditions, which result in bodily injury or property damage neither expected nor intended from the standpoint of the insured.

We find a few paragraphs in the Topalian suit complaint that arguably might fall within the "bodily injury" provision of the insurance policies. In those paragraphs, the plaintiffs allege appellants made fraudulent promises, false representations, and untrue statements of material fact, which resulted in damages in excess of $12 mil-

lion. The $12 million figure includes the alleged fair value of the plaintiffs' limited partnership units, as well as damages for "emotional distress." Appellants must show that the alleged fraudulent promises, false representations, and untrue statements constituted a "condition," and "continuous or repeated exposure" to the condition resulted in some bodily injury to the insured.

We hold that exposure to "fraudulent promises, false representations, and untrue statements" does not, as a matter of law, fall within the plain meaning of the definition of "occurrence." To hold otherwise would require us to unnaturally extend the definition of the term "conditions," and consequently, the definition of "bodily injury." We conclude that the language of the insurance contracts is unambiguous in this respect, and we give such words their plain meaning. *See Puckett*, 678 S.W.2d at 936.

■ We next address appellants' contention that the allegations in the Topalian suit trigger the provisions of their insurance policies covering "property damage."

The insurance policy defines property damage as:

(1) physical injury to or destruction of tangible property which occurs during the policy period, including the loss of use thereof resulting therefrom or *(2) the loss of use of tangible property which has not been physically injured or destroyed provided such loss of use is caused by an occurrence during the policy period.*

(Emphasis added.)

The policy provision defining an occurrence with respect to property damage is the same as that for bodily injury:

an accident, including continuous or repeated exposure to conditions, which results in bodily injury or property damage neither expected not intended from the standpoint of the insured;

The complaint in the Topalian suit simply alleges that each plaintiff has been "substantially injured in his business and property by the pattern of unlawful activity" in which appellants participated, aided or abetted. More particularly, the plaintiffs allege they made substantial payments based on appellants' false representations, and therefore, they were deprived of their initial investment, subscription funds, profits, and other benefits. The plaintiffs further allege they were injured in their "business or property" within the meaning of 18 U.S.C. sec. 1964(c), because appellants' conduct and participation in the partnership constituted a pattern of racketeering activity.

We hold that the plain meaning of the insurance contract phrase, "the loss of use of tangible property," does not include economic loss, i.e., the loss of initial investments, subscription funds, and profits. The language used in the policy is based on the assumption that tangible property, unlike an economic loss, is generally subject to physical injury or destruction. Because the Topalian suit complaint alleges only economic loss, we hold that the Topalian suit complaint does not allege a property damage claim.

■ We finally review appellants' claim that the Topalian suit complaint alleges a "personal injury" within the meaning of the insurance policies.

The term "personal injury" is defined in the policy as:

injury, other than advertising injury, arising out of one or more of the following offenses committed during the policy period in the conduct of the Named Insured's business:

a) *the publication or utterance of a libel or slander or of other defamatory or disparaging material,* or a publication or utterance in violation of an individual's right of privacy;

b) false arrest detention or imprisonment, or malicious prosecution;

c) wrongful entry or eviction or other invasion of an individual's right of privacy or private occupancy;

d) *discrimination or humiliation, but only with respect to injury to the feelings or reputation of a natural person.*

(Emphasis added.)

In the Topalian suit complaint, plaintiffs allege that they were damaged in their

"personal and business reputation and standing in the community." The complaint simply alleges, however, that appellants made extravagant and fraudulent promises regarding the questioned investment, and made untrue statements regarding the soundness and profitability of the business. There are no allegations that the defendant discriminated against or humiliated the plaintiffs. Neither does the complaint allege the publication or utterance of a libel or slander or other defamatory or disparaging material.

We hold that the plaintiffs' complaint in the Topalian suit does not allege a personal injury claim within the meaning of the insurance contract. Accordingly, we overrule the second point of error.

In view of our disposition of the second point of error, we need not discuss appellants' remaining point of error complaining of the trial court's refusal to consolidate the proceedings with another action involving the same subject matter but different parties.

The judgment of the trial court is affirmed.